# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re MEDICAL CORPORATION SEISHINKAI,<br><br>Applicant. | Case No. 24-mc-80022-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO AUTHORIZE FOREIGN DISCOVERY**<br><br>[Re: ECF No. 1] |

On February 3, 2024, Applicant Medical Corporation Seishinkai ("Applicant") filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Respondent Google LLC ("Google") in connection with a potential legal action in Japan. *See* ECF No. 1 ("App."). For the reasons set forth below, the Court GRANTS the application.

## I.   BACKGROUND

The following facts are taken from Applicants *ex parte* application. *See* App. Applicant is a medical corporation organized and existing under the laws of Japan and doing business as Shinminato Itose Dental (hereinafter "Clinic"). ECF No. 1-1 ("Decl. Itose") ¶ 2. The principal place of business of the Clinic is located in Beppu-shi, Ōita-ken, Japan, and the Clinic is a dental clinic specializing in dental implants. *Id.* ¶¶ 3-4. Many prospective patients of the Clinic find and contact the Clinic by searching for the Clinic on the Google search engine. *Id.* ¶ 8. The Clinic maintains a business profile and appears on Google Maps. *Id.* ¶ 9. When prospective patients search for the Clinic on the Google search engine, the Clinic's Google Maps business profile and reviews and ratings of the Clinic are displayed as search results. *Id.* ¶ 10.

Google Maps is an online map service operated by Google. Google is a Delaware limited

liability company with its principal office at 1600 Amphitheatre Parkway, Mountain View, California 94043.  ECF No. 1-2 ("Decl. Kanda") ¶ 7, Ex. 1.  Internet users with a Google account can write reviews and rate businesses that appear on Google Maps.  All Google Maps reviews are public so anyone can see what was written by a reviewer.  *Id.*  The reviewer's displayed name is the name that is listed in the "About me page" of that user's Google account.  *Id.*  Google accounts are controlled by Google.

An anonymous individual (hereinafter "Anonymous Individual"), using the Google account with the display name of "yuka" ("ゆか" in the original Japanese) (hereinafter "Subject Google Account"), posted a false review of the Clinic to Google Maps and rated the Clinic with a one-star rating (hereinafter "Subject Review"). Decl. Itose ¶¶ 11-24, Ex. 1; ECF No 1-3 ("Decl. Katsurada") ¶ 4, Ex. A (English translation of Exhibit 1). The Clinic has been damaged whereby it experienced a significant decrease in the number of new patients contacting the Clinic after the Subject Review was published.  Decl. Itose ¶ 25.  The Applicant has been unable to identify the true identity of the Anonymous Individual.  *Id.* ¶ 26.

Applicant filed an *ex parte* application asking this Court to authorize the serving of this subpoena on Respondent.  *See* App.

## II.     LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found'

in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

\\

## III. DISCUSSION

### A. Statutory Requirements

Applicant's request satisfies the requirements of Section 1782. First, the statute requires that the respondent be found in the district. A business entity is "found" in the judicial district where it is incorporated or headquartered. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases). Google is headquartered in Mountain View, California. Decl. Kanda ¶ 7, Ex. 1. That is within this district, so this requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal. For a proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259. A civil lawsuit in Japan is within reasonable contemplation because the Applicant intends to file the civil lawsuit once the identity of the Anonymous Individual is ascertained. Decl. Itose ¶¶ 27-29; Decl. Kanda ¶¶ 4, 8, 13-14.

Third, an application under Section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782. *Intel*, 542 U.S. at 256-57. Applicant, as a putative plaintiff, is an interested person. Decl. Itose ¶¶ 27-28; Decl. Kanda ¶¶ 4, 8.

### B. Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### i. Respondents are not participants in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Google will be a nonparticipant in the civil action that will be initiated in Japan. Decl. Kanda ¶ 15. This factor therefore weighs in favor of granting the application.

4

### ii. Japanese courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016).

The Court is not aware of any directive from Japan against the use of Section 1782 evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))). And an attorney consulted by Applicant, who is licensed to practice law in Japan, stated that there are no known restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance, and Japanese courts are receptive to assistance in discovery by U.S. federal courts, including for discovery of PII of individuals posting anonymous online reviews. Decl. Kanda ¶¶ 4, 16-17. This factor weighs in favor of granting discovery.

### iii. There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Here, there is no reason to believe that Applicant is seeking to circumvent Japanese evidence laws. The attorney consulted by Applicant stated as much in his declaration. Decl. Kanda ¶ 18. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

5

      **iv.    The request is not unduly burdensome or intrusive.**

The last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The discovery sought by the Applicant is narrowly tailored to seek only sufficient information to identify the Anonymous Individual, and is not unduly intrusive or burdensome, because the Applicant is seeking discovery of only PII such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of PII such as access log (the IP address, timestamp, and port number) for very limited periods of time, which information is stored by Google in the ordinary course of its business. Decl. Kanda ¶¶ 19-26; *see, e.g.*, *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a § 1782 request to issue a subpoena for the name, address, email address, telephone number, and name and address on credit cards); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021). To the extent Google asserts that any of the information sought by Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215- WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a).

Dated: February 7, 2024

_____
BETH LABSON FREEMAN
United States District Judge